1  Cole B. Ramey                    Texas State Bar No. 16494980
   James P. Acosta                  Texas State Bar No. 24001622
2  CROUCH & RAMEY, L.L.P.
3  1445 Ross Avenue, Suite 3600
   Dallas, Texas 75202
4  Telephone:  (214) 922-7100
   Telecopier:  (214) 922-7101
5
   Annie Verdries, SBN 91049
6  LEWIS, BRISBOIS BISGAARD & SMITH LLP
7  650 Town Center Drive, Suite 1400
   Costa Mesa, CA  92626
8  Telephone: (714) 545-9200
   Telecopier:  (714) 850-1030
9  E-Mail: verdries@lbbslaw.com

10  ATTORNEYS FOR METALS USA BUILDING
    PRODUCTS, LP
11

12              **IN THE UNITED STATES BANKRUPTCY COURT**

13            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14  **In re:**                          )
                                        )
15  **MICHAEL WEINMAN**                 )      **Case No. LA09-14429-SB**
16  **NESSA WEINMAN**                   )
                                        )      Chapter 7
17                                      )
                                        )      Adversary No.
    **Debtors**                         )
18  _____  )
                                        )
19  **METALS USA BUILDING**             )      **COMPLAINT TO DETERMINE**
    **PRODUCTS, LP**                    )      **DISCHARGEABILITY OF DEBT**
20                                      )      **[11 U.S.C. 523(a)(2)(A), 523(a)(4),**
        **Plaintiff,**                  )      **523(a)(6), CONSTRUCTIVE TRUST]**
21                                      )
22  v.                                  )
                                        )
23  **MICHAEL WEINMAN,**                )
                                        )
24                                      )
        **Defendant.**                  )
25  _____  )

26          Plaintiff Metals USA Building Products, LP ("Metals USA"), a creditor and party in interest in

27  the above-referenced bankruptcy proceeding, files this Complaint to Determine Dischargeability of

28

4845-6550-4003.1

Debt under 11 U.S.C. § 523 (the "Complaint") against Michael Weinman ("Debtor"), and alleges as follows:

## I.

## NATURE OF THE ACTION

1. Debtor Michael Weinman engaged in embezzlement, fraud and/or larceny, and/or committed a willful and malicious act, in violation of 11 U.S.C. § 523. Therefore, the Debtor's indebtedness to Metals USA constitutes a nondischargeable debt.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523, since this is a proceeding to determine the dischargeability of a particular debt, and is related to the Chapter 7 bankruptcy case of *In re Michael Weinman and Nessa Weinman*, Case No. 09-14429, which is currently pending before this Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.

## PARTIES

4. Plaintiff Metals USA Building Products, LP is a Texas limited partnership with its principal place of business in Houston, Texas, and is an unsecured creditor of Debtor.

5. Debtor Michael Weinman is an individual who may be served with process pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 1800 Bagley Avenue, Los Angeles, California 90035, which address constitutes either Debtor Michael Weinman's dwelling house or usual place of abode or the place at which Debtor Michael Weinman regularly conducts a business or profession.

## IV.

## FACTUAL BACKGROUND

6. Plaintiff Metals USA is a company that, in part, manufactures and distributes sunrooms, screen rooms, patio covers, and similar items, for use in residential homes.

1  7. Metals USA has an agreement with The Home Depot, Inc. under which Plaintiff Metals
2  USA's products are sold to Home Depot customers (the "Home Depot Program") and installed at
3  such customer's residence by third party contractors and installers working as agents of Metals
4  USA.

5  8. Debtor Michael Weinman is a building contractor, who through his affiliate West Coast
6  Custom Rooms, Inc. ("WCCR") participated in the Home Depot Program as an installer of Metals
7  USA's products at the residence of Home Depot's customers. At all times relevant to the
8  allegations herein, Debtor Michael Weinman controlled and directed the actions of WCCR.

9  9. Pursuant to WCCR's agreement and arrangement with Metals USA, WCCR was
10  responsible for collecting payments from Home Depot customers, on Home Depot's behalf, for
11  the Metals USA products installed. WCCR was then to remit payment to Home Depot, who
12  would subsequently issue payment to Metals USA. WCCR would then be paid directly by Metals
13  USA.

14  10. Prior to filing for bankruptcy, WCCR collected substantial fees related to the sale and
15  installation of Metals USA's products pursuant to the Home Depot Program. Weinman knew such
16  funds were the property of Home Depot, and were collected and held by him as Metals USA's
17  agent in connection with the Home Depot program. However, WCCR and Weinman failed to
18  remit all of these fiduciary monies to Home Depot.

19  11. On information and belief, Debtor Michael Weinman instead misappropriated,
20  diverted and/or redirected a substantial portion of these fiduciary funds for the benefit of WCCR
21  and/or Debtor Michael Weinman, personally. As a result of this malfeasance, Metals USA is now
22  required to pay these funds directly to Home Depot and indemnify it from the consequences of the
23  misconduct of WCCR and Debtor Michael Weinman.

24  12. On information and belief, Debtor Michael Weinman also diverted customer leads that
25  were given to WCCR as part of the Home Depot Program, and improperly dealt directly with such
26  customers outside the Home Depot Program, for sales of products competitive with those of
27  Metals USA. These diverted leads and sales, and the profits there from, were the rightful property
28  of Metals USA and Home Depot.

**V.**

**CAUSES OF ACTION**

**COUNT ONE – 11 U.S.C. § 523(a)(2)(A)**

13. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 12 as if fully set forth herein.

14. Debtor Michael Weinman's actions in misappropriating and diverting monies from the Home Depot Program constitute a debt for money obtained by false pretenses, a false representation, or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

15. Plaintiff Metals USA requests that the amount of monies diverted or misappropriated by WCCR and Debtor Michael Weinman from the Home Depot Program excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

**COUNT TWO - 11 U.S.C. § 523(a)(4)**

16. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 12 as if fully set forth herein.

17. Debtor Michael Weinman's actions in misappropriating and/or diverting monies from the Home Depot program constitute a debt for money obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny pursuant to 11 U.S.C. § 523(a)(4).

18. Plaintiff Metals USA requests Plaintiff Metals USA requests that the amount of monies diverted or misappropriated from the Home Depot program by WCCR and Debtor Michael Weinman, or received from customers diverted from the Home Depot Program, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

**COUNT THREE – 11 U.S.C. § 523(a)(6)**

19. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 12 as if fully set forth herein.

20. Debtor Michael Weinman's actions constitute a willful and malicious injury to Metals USA or its property, pursuant to 11 U.S.C. § 523(a)(6).

21. Plaintiff Metals USA requests that the amount of monies diverted or misappropriated from the Home Depot program by WCCR and Debtor Michael Weinman, or received from

4845-6550-4003.1

customers diverted from the Home Depot Program, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

**COUNT FOUR – CONSTRUCTIVE TRUST**

22. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 12 as if fully set forth herein.

23. Debtor Michael Weinman's actions constitute actual fraud against Plaintiff Metals USA in that (i) Debtor Michael Weinman made a material representation to Plaintiff Metals USA, (ii) that was false, (iii) Debtor Michael Weinman made the representation knowing it was false or made it recklessly without any knowledge of its truth and as a positive assertion, (iv) Debtor Michael Weinman made the representations with the intent that they be relied upon by Plaintiff Metals USA, (v) Plaintiff Metals USA, in fact, did rely upon the representations and suffered injury as a result thereof. Additionally, Debtor Michael Weinman was unjustly enriched at Plaintiff Metals USA's expense by his acts of actual fraud.

24. Plaintiff Metals USA therefore requests that this Court impose a constructive in Plaintiff Metals USA's favor on any property to which the monies diverted or misappropriated by WCCR and Debtor Michael Weinman from the Home Depot Program, or received from customers diverted from the Home Depot Program, can be traced.

**VI.**

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiff Metals USA Building Products, LP requests that that Debtor Michael Weinman be cited to answer and appear and, that upon final hearing hereof, this Court (i) order that the Debtor Michael Weinman's indebtedness to Plaintiff Metals USA constitutes a nondichargeable debt pursuant to 11 U.S.C. § 523, and grant a nondischargeable judgment in support thereof in favor of Plaintiff Metals USA against Debtor Michael Weinman, plus prejudgment and postjudgment interest as provided by law, reasonable

///

///

1 | attorney's fees, costs and expenses, and such other and further relief, at law or in equity, to which

2 | Plaintiff Metals USA may be justly entitled.

3 |

4 | Date: May 26, 2009

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Annie Verdries, Attorneys for Metals
USA Building Products, LP

**Cole B. Ramey**
Texas State Bar No. 16494980
**James P. Acosta**
Texas State Bar No. 24001622

**CROUCH & RAMEY, L.L.P.**
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101
Email: CRamey@CrouchFirm.com
JAcosta@CrouchFirm.com

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Metals USA Building Products, LP | DEFENDANTS Michael Weinman |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Annie Verdries, Lewis Brisbois Bisgaard & Smith LLP,650 Town Center Drive, Suite 1400, Costa Mesa, CA, 92626   (714) 545-9200; James P. Acosta, Crouch & Ramey, LLP, 1445 Ross Ave., #3600, Dallas, TX 75202 (214) 922-7100 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin [X] Creditor ☐ Other ☐ Trustee | [x] Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Dischargeability of Debt and Objecting to Discharge

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[3] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)  Constructive Trust

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 300,000.00 |

**Other Relief Sought**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** Michael Weinman and Nessa Weinman | | **BANKRUPTCY CASE NO.** LA09-14429-SB |
| **DISTRICT IN WHICH CASE IS PENDING** Central | **DIVISIONAL OFFICE** Los Angeles | **NAME OF JUDGE** Samuel Bufford |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| **DATE** May 26, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** Annie Verdries |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| Annie Verdries    James P. Acost/Cole B. Ramey<br>Lewis Brisbois Bisgaard & Smith LLP   Crouch & Ramey, L.L.P.<br>650 Town Center Drive, Suite 1400   1445 Ross Ave., Ste. 3600<br>Costa Mesa, CA 92626   Dallas, Texas 75202<br>Tel: (714) 545-9200   Tel: (214) 922-7100<br>E-Mail: verdries@lbbslaw.com   Fax: (214) 922-7101<br>Fax No.: (714) 850-1030   Texas State Bar No.24001622<br>Bar No.: 91049/<br>*Attorney for Plaintiff* Metals USA Building Products, LP | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Michael Weinman and Nessa Weinman | CHAPTER 7 |
|---|---|
| | CASE NUMBER LA09-14429-SB |
| Debtor. | ADVERSARY NUMBER |
| Metals USA Building Products, LP<br><br>vs.<br><br>Michael Weinman<br><br>Plaintiff(s),<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| [X] 255 East Temple Street, Los Angeles | | [ ] 411 West Fourth Street, Santa Ana | |
| [ ] 21041 Burbank Boulevard, Woodland Hills | | [ ] 1415 State Street, Santa Barbara | |
| [ ] 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By: _____
**Deputy Clerk**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*    **F 7004-1**

| In re  Michael Weinman and Nessa Weinman | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER LA09-14429-SB |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1.   I am employed in the County of _____ , State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

2.  [ ]  **Regular Mail Service:** On _____ , I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____ , California, addressed as set forth below.

3.  [ ]  **Personal Service:** On _____ , personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4.   Defendant(s) and address(es) upon which service was made:

[ ]  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

Type Name _____        Signature _____

This form is mandatory. It has been approved for use by the United States Bankruprtcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*        **F 7004-1**