**ORIGINAL**

**FILED JUN 29 2009**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
By _____ Deputy Clerk

**FAXED**

1  DANIEL S. SILVERMAN (SBN 137864)
   dsilverman@roll.com
2  DANIEL A. BECK (SBN 204496)
   dbeck@roll.com
3  ROLL INTERNATIONAL CORP.
   LEGAL DEPT.
4  11444 West Olympic Blvd., 10th Floor
   Los Angeles, California 90064-1557
5  Telephone:  310-966-5700
   Facsimile:   310-966-5758
6
7  Attorneys for Michael Weinman
8
9          IN THE UNITED STATES BANKRUPTCY COURT
10           FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
12 In re:                          ) Case No. LA09-14429-SB
13 MICHAEL WEINMAN                 ) Chapter 7
14 NESSA WEINMAN                   ) Adversary no. 2:09-ap-01622-SB
15                                 )
16        Debtors                  ) **DEFENDANT MICHAEL WEINMAN'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**
17 METALS USA BUILDING             )
18 PRODUCTS, LP,                   ) **[DECLARATION OF MICHAEL WEINMAN FILED CONCURRENTLY]**
19        Plaintiff,               )
20    v.                           ) Hon. Samuel L. Bufford
21 MICHAEL WEINMAN,                )
22        Defendant.               ) Hearing:
23                                 )   Date:  July 28, 2009
                                       Time:  11:00 a.m.
24                                     Place: Roybal Courthouse
                                              255 East Temple Street
25
26
27
28
{031118.1}

DEFENDANT MICHAEL WEINMAN'S
NOTICE OF MOTION AND
MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 28, at 11:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 880 of the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, California, before the Honorable Samuel L. Bufford, United States Bankruptcy Judge, Defendant and Debtor Michael Weinman ("Defendant") will move and hereby does move to dismiss the claims asserted by Plaintiff Metals USA Building Products, LP ("Plaintiff") in its Complaint to Determine Dischargeability of Debt ("Complaint"). Central District Local Bankruptcy Rule 9013-1(f) requires a written response to be filed and served at least 14 days before the hearing.

This motion is based on the grounds that the Complaint fails to state claims pursuant to 11 U.S.C. § 523 (a)(2)(A), 532(a)(4), 523(a)(6), or for a constructive trust. See Fed. R. Civ. P. 12(b)(6).

This motion is supported by this notice of motion and motion, the attached memorandum of points and authorities, the concurrently-filed Declaration of Michael Weinman and its attached exhibit, such additional evidence and argument as may be presented at the hearing on this motion, all of the pleadings, files and records in this proceeding, and such other evidence as may later be submitted.

Dated: June 29, 2009

ROLL INTERNATIONAL CORPORATION
LEGAL DEPARTMENT

By: /s/ Daniel A. Beck
Daniel A. Beck
Attorneys for Defendant
MICHAEL WEINMAN

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................... 3

II. LEGAL STANDARD FOR NONDISCHARGEABILITY EXCEPTIONS ............................................................................. 3

III. ALLEGATIONS OF THE COMPLAINT ..................................... 4

IV. THE SERVICE AGREEMENT BETWEEN PLAINTIFF AND WCCR ............................................................ 5

V. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ......... 7

    A. Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523 (a)(2)(A) ............................................. 7

    B. Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523(a)(4) ................................................... 8

        1. Plaintiff Has Not Alleged Any Fraud or Defalcation While Acting In A Fiduciary Capacity ............................. 9

        2. Plaintiff Has Not Alleged Any Embezzlement ................. 9

        3. Plaintiff Has Not Alleged Any Larceny .......................... 10

    C. Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523 (a)(6) ................................................. 11

    D. Plaintiff Fails To Allege Facts Sufficient To State A Claim For Constructive Trust ............................................................ 12

VI. CONCLUSION ............................................................................ 13

# TABLE OF AUTHORITIES

## Cases

Allstate Life Ins. Co. of New York v. Guerrerio (In re Guerrerio)
   143 B.R. 605, 610 (Bank. S.D.N.Y. 1992) .......................................... 10

Branch v. Tunnell
   14 F.3d 449, 454 (9th Cir. 1994) ......................................................... 5

Gleason v. Ihaw
   236 U.S. 558, 35 S. Ct. 287, 59 L. Ed. 717 (1915) ............................. 4

Grogan v. Garner
   498 U.S. 279, 111 S. Ct. 654, 661, 112 L.Ed. 2d 755 (1991) ............ 4

In re Eisaman
   387 B.R. 219, 222 (N.D. Ind. 2008) (Rule 9(b) ................................. 8

In re Littleton
   942 F.2d 551, 555 (9th Cir. 1991) ....................................................... 9

In re Marvin
   139 B.R. 202, 205 (Bankr. E.D. Wis. 1992 ........................................ 4

In re Mercer
   169 B.R. 694 (Bkrtcy. W.D. Wash. 1994) ......................................... 10

In re Rubin
   875 F.2d 755, 759 (9th Cir. 1989) ....................................................... 7

Lewis v. Scott (In re Lewis)
   97 F.3d 1182, 1185 (9th Cir. 1996) ..................................................... 9

Lockerby v. Sierra
   535 F.3d 1038, 1040-1041 (9th Cir. 2008) ........................................ 11

Matter of Miller
   156 F.3d 598, 602-603 (5th Cir. 1998) .............................................. 10

Mortgage Guar. Ins. Corp. v. Pascucci (In re Pascucci)
   90 B.R. 438, 444 (Bankr. C.D. Cal. 1988) ......................................... 7

Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)
   141 F.3d 277, 281 (6th Cir. 1998). ....................................................... 4

## Statutes

11 U.S.C. § 523 (a)(2)(A) ............................................................................ 7, 8, 10

11 U.S.C. § 523 (a)(4) ........................................................................... 7, 8, 9, 10, 11

11 U.S.C. § 523 (a)(6) ............................................................................... 7, 11, 12

Federal Bankruptcy Rule 7009 ............................................................................ 8

Federal Rules of Civil Procedure 9 ..................................................................... 9

Federal Rules of Civil Procedure 9(b) ....................................................... 8, 10, 12

## Other

Schwarzer et al., Federal Civil Procedure Before Trial
    § 9:212.1 (Rutter Group) .............................................................................. 5

Thomas J. Salerno & Jordan A. Kroop
    Bankruptcy Litigation And Practice: A Practitioner's Guide, Third Edition
    § 8:22[C][13][b] (2006) .............................................................................. 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff's Complaint seeks to cast a garden-variety contract dispute as a series of egregious torts (embezzlement, fraud, larceny), thereby attempting to render the dischargeable alleged debt as nondischargeable pursuant to 11 U.S.C. § 523. Yet nowhere does the Complaint allege facts remotely sufficient to state the asserted causes of action. Instead, Plaintiff alleges (at most) that Defendant's company, West Coast Custom Rooms ("WCCR"), has failed to perform pursuant to certain obligations which were established by the parties' contract. A copy of that contract, the Service Agreement between Plaintiff and WCCR, is attached as Exhibit A to the Declaration of Michael Weinman, filed concurrently herewith. As demonstrated therein, the Service Agreement directly governs Plaintiff's allegations that WCCR did not remit certain customer payments to The Home Depot, Inc., and did not comply with the lead management program, at Defendant's alleged direction.

Plaintiff has resorted to relying on unsupported legal conclusions in order to dress up and mischaracterize these basic contract claims as grievous torts. The Plaintiff's Complaint fails to allege facts sufficient to state an exception to discharge of debt, however, and its claims should be dismissed accordingly.[1]

## II.

## LEGAL STANDARD FOR NONDISCHARGEABILITY EXCEPTIONS

"It is a well recognized principle in bankruptcy law that exceptions to discharge are strictly construed against the objecting creditor and in favor of the debtor. This is based on the strong policy of the Bankruptcy Code of providing a

---

[1] Defendant disputes each of the allegations of the Complaint, but for purposes of this motion to dismiss, treats the allegations as presumed to be true.

debtor with a 'fresh start.'" In re Marvin, 139 B.R. 202, 205 (Bankr. E.D. Wis. 1992 (citing Gleason v. Ihaw, 236 U.S. 558, 35 S. Ct. 287, 59 L. Ed. 717 (1915).

As the parties seeking a determination of nondischargeability, the Plaintiff bears the burden of proving all elements by a preponderance of the evidence, and the court construes § 523 strictly against the Plaintiff and liberally in favor of the Defendant. See Grogan v. Garner, 498 U.S. 279, 111 S. Ct. 654, 661, 112 L.Ed. 2d 755 (1991); Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert), 141 F.3d 277, 281 (6th Cir. 1998).

## III.

## ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that Plaintiff has an agreement with The Home Depot, Inc. ("Home Depot") under which Plaintiff sells products to Home Depot customers, which are installed by "third party contractors and installers working as agents of [Plaintiff]." Complaint, ¶ 7. Plaintiff alleges that Defendant is a contractor who, through his affiliate West Coast Custom Rooms, Inc. ("WCCR"), installed Plaintiff's products at the residence of Home Depot customers (the "Home Depot Program"). Id., ¶ 8. "Pursuant to WCCR's agreement and arrangement with Metals USA," WCCR was required to collect payment from Home Depot customers, on Home Depot's behalf, for installations. Id., ¶ 9. "WCCR was then to remit payment to Home Depot, who would subsequently issue payment to Metals USA. WCCR would then be paid directly by Metals USA." Id.

According to Plaintiff, "WCCR collected substantial fees related to the sales and installation of Metals USA's products pursuant to the Home Depot Program." Id., ¶ 10. On information and belief, Plaintiff alleges that "Michael Weinman instead misappropriated, diverted and/or redirected a substantial portion of these fiduciary funds for the benefit of WCCR and/or Debtor Michael Weinman, personally." Id., ¶ 11.

Finally, on information and belief, Plaintiff alleges that "Michael Weinman also diverted customer leads that were given to WCCR as part of the Home Depot Program, and improperly dealt directly with such customers outside the Home Depot Program, for sales of products competitive with those of Metals USA." Id., ¶ 12.

## IV.
## THE SERVICE AGREEMENT BETWEEN PLAINTIFF AND WCCR

A copy of the September 12, 2004 Service Agreement between Plaintiff and WCCR (the "Service Agreement") is attached as exhibit A to the Declaration of Michael Weinman, filed concurrently herewith. It is appropriate for the Court to consider the Service Agreement in ruling on a motion to dismiss because the Complaint refers to the Service Agreement (Complaint, ¶ 9), it is central to Plaintiff's claim, and its authenticity is not legitimately questioned. See Schwarzer et al., Federal Civil Procedure Before Trial, § 9:212.1 (Rutter Group) (Documents referred to in complaint but not attached); see also Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("As it makes sense and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

The Service Agreement incorporates an attached Program Agreement between Home Depot U.S.A., Inc. and Metals U.S.A. Building Products, L.P., dated August 9, 2004 (the "Home Depot Agreement"). (Service Agreement, ¶ 1.) The Service Agreement provides, *inter alia*, that:

- WCCR agreed to comply with Home Depot's lead management system.[2] (Service Agreement, ¶ 2(h).)

---

[2] Specifically, "Contractor, in its performance under this Agreement and the Home Depot Agreements, shall fully comply with and participate in the Home Depot lead management system known as the "Measure Comp Reservation

- WCCR was to remit customers payments to Home Depot pursuant to the terms of the Home Depot Agreement.[3] (Home Depot Agreement, ¶ 2.4.)
- The parties "agree that their relationship is that of independent contractors, and that the employees of one party are not under any circumstances the employees of the other party. . . . Contractor acknowledges and agrees that it is not an agent of Metals, shall in no way hold itself out as an agent of Metals, and shall have no authority to bind Metals." (Service Agreement, ¶ 17.)

The Service Agreement thus explicitly governs both (1) the proper payment process for installation jobs; and (2) the proper management of leads, which are the two legal obligations of which Plaintiff's claims consist.[4] See Complaint, ¶¶ 10-12. Furthermore, the Service Agreement provides that the parties' relationship was as independent contractors, and that WCCR was not Metals' agent, refuting Plaintiff's

---

System", or any other lead or customer management system implemented by Home Depot or Metals. Contractor agrees to diligently and timely record and update all customer lead and customer progress information as outlined in Home Depot's Measure Comp operations manual, or as otherwise directed by Home Depot or Metals." (Service Agreement, ¶ 2(h).)

[3] Specifically, "[SERVICE PROVIDER] shall also collect and remit to Home Depot customer deposits at the times and in the amounts prescribed by Home Depot from time to time. All invoices shall be made in the name of Home Depot and all payments shall be made directly to Home Depot in accordance with procedures prescribed by Home Depot." (Home Depot Agreement, ¶ 2.4.)

[4] Moreover, the parties' liability is limited for all claims "arising out of any performance of, or failure to perform" duties under the Agreement, absent proof of fraud or gross negligence. No special, consequential, indirect, incidental, punitive or exemplary damages are permitted. (Service Agreement, ¶ 7.)

unsupported, conclusory allegation of a fiduciary relationship. (Service Agreement, ¶ 17.)

V.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Plaintiffs' Complaint asserts the following four purported causes of action:

- 11 U.S.C. § 523 (a)(2)(A) – false pretenses, false representation, or actual fraud.
- 11 U.S.C. § 523 (a)(4) – fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny.
- 11 U.S.C. § 523 (a)(6) – willful and malicious injury.
- Constructive fraud.

Plaintiff's garden-variety contract allegations are not sufficient to state any of these claims. They should, therefore, be dismissed.

    **A.**    **Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523 (a)(2)(A).**

Section 523(a)(2)(A) provides for the nondischargeability of any debt to the extent obtained by "false pretenses, a false representation, or actual fraud." The elements of a claim under 523(a)(2)(A) are:

> (1) a representation of fact by the debtor, (2) that was material, (3) that the debtor knew at the time to be false, (4) that the debtor made with the intention of deceiving the creditor, (5) upon which the creditor relied, (6) that the creditor's reliance was reasonable, and (7) that damage proximately resulted from the misrepresentation.

In re Rubin, 875 F.2d 755, 759 (9th Cir. 1989) (citing Mortgage Guar. Ins. Corp. v. Pascucci (In re Pascucci), 90 B.R. 438, 444 (Bankr. C.D. Cal. 1988)).

Plaintiff fails to allege **any** of these required elements, beginning with the first and most central: A representation of fact by the debtor. Nowhere does the Complaint allege any representation of fact by the Defendant, Mr. Weinman (or, for

that matter, by WCCR). Nor does the Complaint allege facts showing that such a representation was material, known by Defendant to be false, made with the intention of deceiving Plaintiff, reasonably relied on by Plaintiff, or identify the damages resulting. In fact Plaintiff's Complaint is devoid of any factual allegations which bear the slightest resemblance to a fraud claim. That is because Plaintiff has not alleged a fraud claim at all; Plaintiff has alleged a basic contract claim.

These pleading deficiencies are especially fatal to Plaintiff's claim under Section 523(a)(2)(A) because such claims must be pled in compliance with the stringent particularity requirements of Fed. R. Civ. P. 9 (b).[5] See In re Eisaman, 387 B.R. 219, 222 (N.D. Ind. 2008) (Rule 9(b) applies to all claims under Section 523(a)(2)(A)). Plaintiff's perfunctory complaint does not even attempt to plead a fraud claim with the required particularity. This case is on all fours with the facts of Eisaman: "At most there is only an allegation concerning an understanding as to how part of the loan proceeds were to be used, which was not observed. While those allegations might be sufficient to suggest a breach of contract, they are not sufficient to allege fraud." Id. at 223.

Because Plaintiff's Complaint does not allege facts sufficient to state a claim under Section 523(a)(2)(A), in compliance with Fed. R. Civ. P. 9(b), it should be dismissed.

**B.    Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523(a)(4).**

The Complaint alleges that Defendant has violated 11 U.S.C. § 523(a)(4) by committing fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny. (Complaint, ¶ 17.) Again, the Complaint fails to allege facts sufficient to state any such claim.

---

[5]    Pursuant to Federal Bankruptcy Rule 7009, Fed. R. Civ. P. 9 applies to adversary proceedings.

{031118.1}

DEFENDANT MICHAEL WEINMAN'S NOTICE OF MOTION AND MOTION TO DISMISS

### 1. Plaintiff Has Not Alleged Any Fraud or Defalcation While Acting In A Fiduciary Capacity.

Plaintiff fails to allege a claim under the first prong of Section 523(a)(4) for two independent reasons. *First*, nowhere does Plaintiff allege facts indicating that WCCR or Mr. Weinman owed Plaintiff any fiduciary duty. It is well-settled law that a claim for fraud or defalcation by a fiduciary under Section 523(a)(4) requires a technical or express trust that imposes the fiduciary duties. See Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir. 1996) ("[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt."). The Complaint alleges no facts resembling an express or technical trust. Refuting any such contention, instead, the Service Agreement explicitly provides that the relationship between WCCR and Plaintiff was as **independent contractors**, and unequivocally establishes that WCCR was **not the agent of Plaintiff**. (Service Agreement, ¶ 17.) Their relationship, thus, was the polar opposite of a "fiduciary trust."

*Second*, as discussed above, the Complaint fails to allege any claim of fraud. Much less does it plead such fraud in compliance with Fed. R. Civ. P. 9(b).

### 2. Plaintiff Has Not Alleged Any Embezzlement.

Embezzlement under Section 523(a)(4) requires three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991). Plaintiff fails to meet the first and second requirements, because it has failed to allege the taking of any property rightfully in its possession. Rather Plaintiff merely alleges a contractual interest in proceeds which WCCR was contractually obligated to deliver to Home Depot, after which Home Depot would be contractually obligated to pay Plaintiff. (Complaint, ¶ 9; Home Depot Agreement, ¶ 2.4.) The customers' payments were not Plaintiff's property, regardless of whether Plaintiff suffered

monetary loss when Defendant allegedly withheld those payments from Home Depot, which in turn refused to pay monies owed to Plaintiff pursuant to the contract between Plaintiff and Home Depot.

Plaintiff independently fails to meet the third requirement for a claim of embezzlement, because the Complaint does not allege fraud, as discussed above. Accordingly, Plaintiff has not alleged facts sufficient to state a claim for embezzlement.

### 3. Plaintiff Has Not Alleged Any Larceny.

Larceny under Section 523(a)(4) requires proof of the debtor's fraudulent intent in taking the creditor's property.[6] See Matter of Miller, 156 F.3d 598, 602-603 (5th Cir. 1998). As with the other prongs of Section 523(a)(4), Plaintiff's Complaint is devoid of any facts sufficient to state a claim for larceny. The Complaint does not allege that Defendant stole Plaintiff's property with fraudulent intent. At most, the Complaint alleges that Defendant did not pay certain funds to Home Depot in compliance with the Service Agreement, and did not comply with the Home Depot lead management program – neither of which constitutes the taking of property owned by Plaintiff. (Complaint, ¶¶ 10-12.) The customer payments which were to be made to Home Depot were not Plaintiff's property, nor were the Home Depot leads. Instead, Defendant's conduct allegedly deprived Plaintiff of its expected payments from Home Depot pursuant to the Home Depot Agreement. That is a breach of contract allegation, not larceny.

Furthermore, the Complaint fails to allege Defendants' fraudulent intent in compliance with Fed. R. Civ. P. 9 (b) – or even by ordinary pleading standards.

The holding of In re Mercer, 169 B.R. 694 (Bkrtcy. W.D. Wash. 1994) is directly applicable here: "Whether proceeding under § 523 (a)(2)(A) or § 523(a)(4),

---

[6] For purposes of Section 523(a)(4), larceny is defined by federal common law. See Allstate Life Ins. Co. of New York v. Guerrerio (In re Guerrerio), 143 B.R. 605, 610 (Bank. S.D.N.Y. 1992).

fraudulent intent is an essential element of the plaintiff's case. The Court concluded at the hearing and still concludes that the plaintiff has failed to produce any evidence in support of that element, and that **the dispute here as presented involves breach of contract and nothing more.**" Id., at 698 (emphasis added.) The same is true of the allegations in Plaintiff's Complaint. Plaintiff's claim under Section 523(a)(4) should, therefore, be dismissed.

### C. Plaintiff Fails To Allege Facts Sufficient To State A Claim Under 11 U.S.C. § 523 (a)(6).

An intentional breach of contract does not constitute the "willful and malicious injury" required to establish an exception to discharge under 11 U.S.C. § 523 (a)(6) unless it is accompanied by malicious and willful tortious conduct. See Lockerby v. Sierra, 535 F.3d 1038, 1040-1041 (9th Cir. 2008) ("Something more than a knowing breach of contract is required before conduct comes within the ambit of § 523(a)(6), and Jercich defined that "something more" as tortious conduct."). Moreover, "conduct is not tortious under § 523(a)(6) )simply because injury is intended or 'substantially likely to occur,' but rather is only tortious if it constitutes a tort under state law." Id. These principles are based on policy at the very heart of the Bankruptcy Code:

> Expanding the scope of § 523 (a)(6) to include contracts that are intentionally breached whenever it is substantially certain that injury will occur would severely circumscribe the ability of debtors to "start afresh." Such an interpretation would conflict not only with the "fresh start" policy at the heart of the Bankruptcy Code, but also with the statutory scheme itself. The Bankruptcy Code expressly permits intentional breaches of contract that are substantially certain to result in injury.

Id., at 1042.

Here, Plaintiff's Complaint alleges two basic types of purportedly wrongful conduct by Defendant, both of which constitute – at most – claims for intentional breach of contract rather a "malicious and willful injury" under § 523 (a)(6) ). First,

1  WCCR allegedly failed to remit to Home Depot all of the funds which Defendant
2  received from customers, as WCCR was contractually required to do. (Complaint,
3  ¶¶ 10-11.) Second, WCCR allegedly diverted Home Depot leads, dealing with
4  customers outside the Home Depot Program. (Complaint, ¶ 12.) These are both
5  ordinary breach of contract claims, not independent willful and malicious torts.
6  WCCR's contractual obligation to remit the payments to Home Depot was
7  established by the Service Agreement, in its incorporated Home Depot Agreement.
8  (Home Depot Agreement, ¶ 2.4.) WCCR's contractual obligation to manage leads
9  in compliance with the Home Depot lead management program was also established
10 by the Service Agreement. (Service Agreement, ¶ 2(h).) These obligations arose
11 from the **contract** itself, and the contractual legal duties imposed pursuant to them,
12 not as independent torts.

Plaintiff's Complaint alleges an intentional disregard of contractual obligations, but fails to allege conduct that is also intentionally tortious. Instead, the Complaint presents a generic claim for knowing breach of contract. Accordingly, Plaintiff has failed to state a claim under 11 U.S.C. § 523 (a)(6) ).

### D. Plaintiff Fails To Allege Facts Sufficient To State A Claim For Constructive Trust.

A properly pled fraud claim is required in order to state an alternative count of a constructive trust as an exception to discharge. See, e.g., Thomas J. Salerno & Jordan A. Kroop, Bankruptcy Litigation And Practice: A Practitioner's Guide, Third Edition, § 8:22[C][13][b] (2006) (exceptions to discharge). As discussed above, Plaintiff fails to meet this pleading requirement, instead asserting a conclusory allegation that Defendant committed fraud, without stating any facts in compliance with Fed. R. Civ. P. 9 (b). (Complaint, ¶ 23.) The constructive trust claim should be dismissed.

# VI.

## CONCLUSION

For the reasons discussed above, all of Plaintiff's claims should be dismissed without leave to amend, as Plaintiff has not and cannot meet the pleading requirements to render a garden variety alleged contract breach – an otherwise dischargeable debt – as nondischargeable.

Dated: June 29, 2009

ROLL INTERNATIONAL CORPORATION
LEGAL DEPARTMENT

By: /s/ Daniel A. Beck
Daniel A. Beck
Attorneys for Defendant
MICHAEL WEINMAN