Annie Verdries, SBN 91049
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 545-9200
Telecopier: (714) 850-1030
E-mail: verdries@lbbslaw.com

Cole B. Ramey     Texas State Bar No. 16494980
James P. Acosta     Texas State Bar No. 24001622
CROUCH & RAMEY, L.L.P.
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 922-7100
Telecopier: (214) 922-7101

ATTORNEYS FOR METALS USA BUILDING PRODUCTS, LP

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re:

MICHAEL WEINMAN
NESSA WEINMAN

    Debtors

---

METALS USA BUILDING
PRODUCTS, LP

    Plaintiff,

v.

MICHAEL WEINMAN,

    Defendant.

*CASE NO. LA09-14429-SB*

*(Chapter 7)*

ADVERSARY NO. 2:09-AP-01622-SB

**FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECTING TO DISCHARGE**

STATUS CONFERENCE: August 4, 2009
TIME: 10:00 a.m.
COURTROOM: 1575



Plaintiff Metals USA Building Products, LP ("Metals USA"), a creditor and party in interest in the above-referenced bankruptcy proceeding, files this First Amended Complaint to Determine Dischargeability of Debt and Objecting to Discharge Under 11 U.S.C. § 523 (the "Complaint") against Michael Weinman ("Debtor"), and alleges as follows:

I. **NATURE OF THE ACTION**

1. Debtor Michael Weinman engaged in embezzlement, fraud and/or larceny, and/or committed a willful and malicious act, in violation of 11 U.S.C. § 523. Therefore, the Debtor's indebtedness to Metals USA constitutes a nondischargeable debt.

II. **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523, since this is a proceeding to determine the dischargeability of a particular debt, and is related to the Chapter 7 bankruptcy case of *In re Michael Weinman and Nessa Weinman*, Case No. 09-14429, which is currently pending before this Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. PARTIES

4. Plaintiff Metals USA Building Products, LP is a Texas limited partnership with its principal place of business in Houston, Texas, and is an unsecured creditor of Debtor.

5. Debtor Michael Weinman is an individual who may be served with process pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 1800 Bagley Avenue, Los Angeles, California 90035, which address constitutes either Weinman's dwelling house or usual place of abode or the place at which Weinman regularly conducts a business or profession. Weinman has appeared in this adversary case through counsel.

## IV. FACTUAL BACKGROUND

6. Plaintiff Metals USA is a company that, in part, manufactures and distributes sunrooms, screen rooms, patio covers, and similar items, for use in residential homes. Metals USA has an agreement with The Home Depot, Inc. under which Plaintiff Metals USA's products are sold to Home Depot customers through Home Depot retail outlets and installed at such customer's residence by third party contractors and installers working as agents of Metals USA (hereinafter referred to as the "Home Depot Program").

7. Debtor Michael Weinman is a building contractor, who through his affiliate West Coast Custom Rooms, Inc. ("WCCR") participated in the Home Depot Program as an installer of Metals USA's products at the residences of Home Depot's

customers. At all times relevant to the allegations herein, Weinman controlled and directed all the tortious and wrongful actions of WCCR. In that capacity, under applicable law, Weinman is personally and individually responsible for his tortious and wrongful conduct committed through WCCR, as well as the tortious and wrongful conduct committed by him in his direction of WCCR.

8. Pursuant to WCCR's agreement and arrangement with Metals USA, WCCR was responsible for collecting payments from Home Depot customers, on Home Depot's behalf, for the Metals USA products installed. WCCR was then to remit payment to Home Depot, who would subsequently issue payment to Metals USA. WCCR and Weinman fully understood at all times that they was acting as agent for Metals USA and Home Depot, and that all customers with whom they dealt under the Home Depot Program were Home Depot customers. WCCR and Weinman further fully understood at all times that all monies payable under the Home Depot Program were to be made payable directly to Home Depot, and that any monies collected by WCCR were done so in its fiduciary agency capacity exclusively for forwarding to Home Depot.

9. Throughout its participation in the Home Depot Program, WCCR made periodic reporting of jobs and customers that WCCR serviced under the Home Depot Program. On information and belief, this reporting was supervised and controlled by Weinman, who at all times had personal knowledge of and control over all the jobs undertaken by WCCR under the Home Depot Program, and all monies charged or

collected by WCCR under the Home Depot Program. As set forth below, and as Metals USA continues to discover, this reporting was often deliberately inaccurate, false and misleading as to the nature of WCCR's and Weinman's true actions.

10. Prior to filing for bankruptcy, at Weinman's direction, WCCR charged and collected substantial fees from Home Depot customers related to the sale and installation of Metals USA's products pursuant to the Home Depot Program. Weinman knew such funds were the property of Home Depot, and were collected and held by him as the agent and fiduciary of Metals USA and Home Depot in connection with the Home Depot Program. However, WCCR and Weinman failed to remit all of these fiduciary monies to Home Depot.

11. On information and belief, Debtor Michael Weinman instead misappropriated, diverted and/or redirected a substantial portion of these fiduciary funds for the benefit of WCCR and/or Weinman personally. As a result of this malfeasance, Metals USA is now required to pay these funds directly to Home Depot and indemnify it from the consequences of the misconduct of WCCR and Weinman.

12. On information and belief, Weinman also diverted customer leads that were given to WCCR as part of the Home Depot Program, and improperly dealt directly with such customers outside the Home Depot Program, for sales of products competitive with those of Metals USA. These diverted leads and sales, and the profits therefrom, were the rightful property of Metals USA and Home Depot.

13. The full extent of the deliberate misconduct of Weinman and WCCR is not at this time fully known because, despite proper request by Metals USA, Weinman has refused to provide correct reporting to Metals USA and other documents requested by Metals USA, as required by the parties' written agreement. However, below are but a few of the instances of such misconduct committed by Weinman and WCCR, which justify denial of the bankruptcy discharge sought by Weinman:

14. On information and belief, Weinman caused WCCR to enter into an agreement with customer "BL" (name abbreviated to protect privacy of contracting individual) on or about January 29, 2009 under the Home Depot Program. On February 9, 2009, Weinman notified Metals USA that WCCR would no longer be doing business in the Home Depot Program. However, with full knowledge that WCCR was going to cease doing business and essentially shut its doors, Weinman on information and belief caused WCCR to charge customer BL's credit card in the amount of $6,300 on February 5, 2009, a mere two (2) business days before closing WCCR's doors, despite the fact that such charge was in no way permitted by customer BL's contract, and was in clear violation of California law. On information and belief, Weinman thereafter caused WCCR to divert these monies from Metals USA and Home Depot, and never performed any services or construction for customer BL.

15. In January of 2009, customer LL (name abbreviated to protect privacy of contracting individual) was referred to WCCR through the Home Depot Program. On information and belief, Weinman directed WCCR to enter into a contract directly with

LL and not through Home Depot, in clear violation of the requirements of the Home Depot Program. On information and belief, Weinman then directed WCCR to collect three different payments totaling approximately $7220 from customer LL in early 2009. After collecting these monies, Weinman caused WCCR to cease operations, and never provided the products and services ordered and paid for by customer LL. Weinman further deliberately caused WCCR not to properly report this job to Metals USA, so as to conceal this fraudulent conduct.

16. On information and belief, Weinman similarly caused WCCR to enter into a direct WCCR contract with customer JF (name abbreviated to protect privacy of contracting individual), even though such customer was referred to WCCR through the Home Depot Program, and such lead was the property of Home Depot. On information and belief, Weinman caused WCCR to circumvent Home Depot and collect approximately $17,000 from customer JF, with more than $10,000 of that amount collected by WCCR approximately one week prior to ceasing operations, and at a time when Weinman knew that WCCR was closing its doors and would not perform as promised. Indeed, Weinman caused WCCR to cease operations immediately after collecting such monies, and to fail to complete customer JF's project. The reporting that Weinman caused to be sent to Metals USA was deliberately false regarding customer JF and his project.

17. On information and belief, on or about September 4, 2008, WCCR similarly caused customer JL (name abbreviated to protect privacy of contracting

individual) to enter into an agreement directly with WCCR, although such customer was given to WCCR as a lead of the Home Depot Program. WCCR falsified records to indicate that customer JL had cancelled his contract under the Home Depot Program, so that WCCR could improperly benefit directly from such Home Depot customer. WCCR thereafter collected funds from customer JL for a deposit and permit, but thereafter performed no further work and ceased operations.

18. The above are merely examples of the misconduct by Weinman and WCCR. The reporting and statements made by WCCR to Metals USA, under the control and direction of Weinman, deliberately misrepresented, omitted and failed to disclose the nature of all the above projects. Metals USA does not yet know the extent of deliberate misconduct by WCCR and Weinman. As discussed above, Metals USA has repeatedly requested information from Weinman and WCCR about the actions of WCCR under the Home Depot Program, as required under Metals USA's agreement with WCCR, but Weinman has deliberately refused to provide any such information and reporting.

### V. COUNT ONE – 11 U.S.C. § 523(a)(2)(A)

19. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 18 above as if fully set forth herein.

20. Debtor Michael Weinman's actions in misappropriating and diverting monies from the Home Depot Program constitute a debt for money obtained by false pretenses, a false representation, or actual fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

21. Specifically, the reporting provided by Weinman and WCCR to Metals USA, Weinman's deliberate failure to disclose material facts, and the statements made by Weinman to Metals USA regarding the status of WCCR projects under the Home Depot Program, constitute false representations of material fact and omissions of material fact by Weinman, that Weinman knew to be false. These misrepresentations were made with the intention of deceiving Metals USA as to the actions of WCCR under the Home Depot Program and with respect to customers thereof. Metals USA reasonably relied upon these misrepresentations and omissions, including continuing to allow WCCR and Weinman to operate through the Home Depot Program and cause further damage, and Metals USA suffered damages proximately caused thereby.

22. Plaintiff Metals USA requests that the amount of monies diverted or misappropriated by WCCR and Debtor Michael Weinman from the Home Depot Program pursuant to the above-referenced fraud, false representations and false pretenses be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). Plaintiff Metals USA further requests that the damages it suffered as a result of the fraud, false representations and false pretenses alleged above, including but not limited to the monies expended to make the customers of the Home Depot Program whole as a result

of the conduct of Weinman, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

### VI. COUNT TWO – 11 U.S.C. § 523(a)(4)

23. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 18 above as if fully set forth herein.

24. Debtor Michael Weinman's actions in misappropriating and/or diverting monies from the Home Depot program constitute a debt for money obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny pursuant to 11 U.S.C. § 523(a)(4).

25. Specifically, Weinman knew at all times that customers and leads referred by Home Depot, and monies collected from customers of the Home Depot Program, belonged to Home Depot and were to be held by Weinman and WCCR, if at all, as agent for Metals USA and/or Home Depot. This fiduciary duty existed and was imposed upon WCCR and Weinman before the misconduct complained of, and existed pursuant to WCCR's role as agent for Metals USA and Home Depot. This fiduciary duty also was an express trust that existed pursuant to sufficient words between the parties to create a trust, a definite subject matter of such trust in the form of monies collected from customers of the Home Depot Program, and a certain and ascertained object or res of such trust in the form of such Home Depot Program monies collected by WCCR. Weinman directed and caused WCCR to breach this duty, to misappropriate these funds and to derive profits without the consent of Metals USA or

Home Depot. On information and belief, Weinman further removed such monies from WCCR with full knowledge that WCCR would not fulfill its duties to Metals USA or Home Depot, and would not complete the projects for which it had collected such monies.

26. Weinman also owed a fiduciary duty in this case pursuant to the trust fund doctrine, which required Weinman to hold monies collected from the Home Depot Program in trust for its creditors once Weinman knew that WCCR would cease operations. Weinman failed to do so, and instead, on information and belief, misdirected such monies away from WCCR's creditors.

27. Weinman's conduct further constitutes embezzlement under Section 523(a)(4). Specifically, Weinman caused WCCR to directly collect money from Home Depot Program customers and from WCCR customers whose leads were the rightful property of Home Depot. Weinman and WCCR were nonowners of such property. Rather than remit such monies directly to Home Depot as required by the parties' agreements, Weinman caused WCCR to appropriate these monies for its own use, despite the fact that WCCR knew that it would not use such funds to complete the customer's projects. On information and belief, Weinman caused WCCR to shut its doors and direct such funds away from Home Depot and Metals USA. The circumstances of such conduct not only indicate fraud, but positively demonstrate such fraud.

28. Alternatively and additionally, such conduct by Weinman constitutes larceny under Section 523(a)(4). Weinman, individually and through his control of WCCR, fraudulently and wrongfully came into possession of and took away monies and customer leads belonging to Home Depot with the intention to convert such property to Weinman's and WCCR's own use, without the permission of Home Depot or Metals USA.

29. Plaintiff Metals USA requests that the amount of monies diverted or misappropriated from the Home Depot program by WCCR and Debtor Michael Weinman, or received from customers diverted from the Home Depot Program, as a result of Weinman's breach of fiduciary duty, embezzlement and/or larceny, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). Plaintiff Metals USA further requests that the damages it suffered as a result of Weinman's fiduciary breaches, embezzlement and/or larceny as alleged above, including but not limited to the monies expended to make the customers of the Home Depot Program whole as a result of the conduct of Weinman, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

### VII. COUNT THREE – 11 U.S.C. § 523(a)(6)

30. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 18 above as if fully set forth herein.

31. Weinman's actions constitute a willful and malicious injury to Metals USA or its property, pursuant to 11 U.S.C. § 523(a)(6). Weinman's conduct, both

individually and through his direction and control of WCCR, were carried out willfully and maliciously, with the actual willful and malicious intent by Weinman to cause injury to Metals USA and the Home Depot Program by misappropriating customers and funds, taking monies with full knowledge of WCCR's insolvency and impending cessation of business, and withholding promised and contracted services. Such conduct by Weinman was not merely a breach of contract by WCCR, but was independently tortious by Weinman in that it constitutes conversion, fraud, fraudulent inducement, tortious interference with contract and prospective contractual relations, and breach of agency and fiduciary duties under applicable law.

32. Plaintiff Metals USA requests that the amount of monies diverted or misappropriated from the Home Depot program by WCCR and Weinman, or received from customers diverted from the Home Depot Program, as a result of such willful and malicious injury by Weinman, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). Plaintiff Metals USA further requests that the damages it suffered as a result of the willful and malicious injury alleged above, including but not limited to the monies expended to make the customers of the Home Depot Program whole as a result of the conduct of Weinman, be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

## VIII. COUNT FOUR – CONSTRUCTIVE TRUST

33. Plaintiff Metals USA realleges and hereby incorporates by reference Paragraphs 6 through 22 above, and all its allegations of fraud against Weinman, as if fully set forth herein.

34. Weinman's actions constitute actual fraud against Metals USA in that Weinman's deliberate failure to disclose material facts, and the statements made by Weinman to Metals USA regarding the status of WCCR projects under the Home Depot Program, constitute false representations of material fact and omissions of material fact by Weinman, that Weinman knew to be false. These misrepresentations were made with the intention of deceiving Metals USA as to the actions of WCCR under the Home Depot Program and with respect to customers thereof. Metals USA reasonably relied upon these misrepresentations and omissions, including continuing to allow WCCR and Weinman to operate through the Home Depot Program and cause further damage, and Metals USA suffered damages proximately caused thereby. Additionally, Weinman was unjustly enriched at Plaintiff Metals USA's expense by his acts of actual fraud, and wrongfully came into possession of monies that were not rightfully his due to his fraud and violation of his relationship of trust with Metals USA and Home Depot.

35. Plaintiff Metals USA therefore requests that this Court impose a constructive trust in Plaintiff Metals USA's favor on any property to which the monies

diverted or misappropriated by WCCR and Weinman from the Home Depot Program, or received from customers diverted from the Home Depot Program, can be traced.

### IX. PRAYER

WHEREFORE, Plaintiff Metals USA Building Products, LP for judgment as follows:

1. A judgment that Metals USA's damages and Weinman's indebtedness to Plaintiff Metals USA constitute a nondichargeable debt pursuant to 11 U.S.C. § 523, and grant a nondischargeable judgment in support thereof in favor of Plaintiff Metals USA against Weinman;

2. Prejudgment and postjudgment interest as provided by law; and

3. Reasonable attorney's fees, costs and expenses; and

4. Such other and further relief, at law or in equity, to which Plaintiff Metals USA may be justly entitled.

DATED: August 3, 2009          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Annie Verdries
Attorneys for METALS USA BUILDING PRODUCTS, LP

4852-4638-8228.1

15

| In re: | | CHAPTER 7 |
|---|---|---|
| Michael Weinman and Nessa Weinman | Debtor(s). | CASE NUMBER LA09-14429-SB |
| | | ADVERSARY NUMBER 2:09-AP-01622-SB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626

A true and correct copy of the foregoing document described as FIRST AMENDED COMPLAINT, will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 3, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

US Trustee (LA)  ustpregion16.la.ecf@usdoj.gov
James Acosta  jacosta@crouchfirm.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**

On August 3, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Samuel L. Bufford, United States Bankruptcy Judge, United States Bankruptcy Court, 255 East Temple Street, Los Angeles, CA 90012
Michael Weinman, 1800 Bagley Avenue, Los Angeles, CA 90035
Alan Forsley, Fredman Liberman LLP, 1875 Century Park Wast, Suite 2200, Los Angeles, CA 90067

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 3, 2009 | Gaye M. Ambrosi | |
|---|---|---|
| Date | Type Name | Signature |

---

4847-4389-2739.1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

January 2009